The Honorable Jimmy Jeffress State Senator P.O. Box 1695 Crossett, AR 71635-1695
Dear Senator Jeffress:
I am writing in response to your request for my opinion on the following question:
 Does a municipal police officer employed by the City of Lake Village have jurisdiction to enforce traffic violations on a state highway that has only its northern right-of-way contiguously annexed to the Municipality?
RESPONSE
Your request is apparently a follow-up to a question I addressed in the attached Ark. Op. Att'y Gen. No. 2003-150, in which I considered whether a Lake Village police officer has "jurisdiction to enforce traffic violations on a state highway that has to be traveled to and from an area that has been annexed into the city limits." In that opinion, I interpreted your question to arise from what I characterized as the "rather odd-sounding" situation where "the state highway is not located within city limits, but rather represents the sole traffic connection between an area annexed into the city and the rest of the city."
I gather from your resubmission that the factual background differs from that I assumed applied in answering your last request. Unfortunately, I continue to be confused by your description of "a state highway that has only its northern right-of-way contiguously annexed to the municipality." In my opinion, this description could apply to three distinct situations: (1) the highway runs east-west and abuts the city on the south; (2) the highway runs east-west and its northern lane lies within city limits; or (3) only the northern portion of the highway lies within the city limits.
Regardless of which, if any, of these alternatives applies, I can do no more than restate the following applicable standard set forth in Ark. Op. Att'y Gen. No. 98-003:
 The Uniform Act Regulating Traffic on Highways of Arkansas, A.C.A. § 27-49-101 et seq., governs the operation of vehicles upon highways. Arkansas Code Annotated § 27-49-106(b) (Supp. 1997) permits local authorities to regulate traffic by means of police officers on "streets and highways under their jurisdiction. . . ." See also Op. Att'y Gen. 96-125. A municipality is a "local authority" as that term is used in A.C.A. § 27-49-106. See A.C.A. § 27-49-207 (Repl. 1994). It is my opinion that a highway is under the jurisdiction of a municipality, as contemplated in A.C.A. § 27-49-106, if the highway is within the territorial limits of the city. It is immaterial that the highway was not originally within the territorial limits of the city and that the highway has not been" deeded" to the city. It should, however, be stated that municipal police are prohibited from patrolling limited access highways, except as authorized by the Director of the Arkansas State Police. A.C.A. § 12-8-106 (Supp. 1997); see also A.C.A. § 27-68-101 et seq. (controlled access highways).
Applying this standard, I believe a Lake Village police officer has jurisdiction to patrol only those portions of a state highway that lie within city limits, and only then subject to the restrictions stated in the passage quoted above.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh
Enclosure